

# THE ATTORNEY GENERAL
# OF TEXAS

Gerald C. Mann
~~PRITE MANEL~~
ATTORNEY GENERAL

AUSTIN, TEXAS

Honorable Julian Montgomery
State Highway Engineer
Austin, Texas

Dear Sir:

Opinion No. O-2041
Re: In which county should the
buses of the All American
Bus Lines, Inc., be registered?

We are in receipt of your letter of March 4, 1940,
in which you request an opinion of this department as to the
county in which the buses of the All American Bus Lines,
Incorporated, should be registered. The following facts are
contained in your letter:

"The All American Bus Lines, Incorporated,
is a Delaware Corporation with its corporate
headquarters in Los Angeles, California. It op-
erates motor buses through the State of Texas ex-
clusively inter state. They do not have a permit
to do business in Texas as a foreign corporation,
neither do they have a common-carrier permit
from the Railroad Commission to transport pas-
sengers for hire, but operate on a permanent fed-
eral injunction issued in Travis County out of the
San Antonio Federal District Court.

"They operate across Texas over U. S. Highway
77 north of Gainesville to Dallas and over U. S
Highway 80 to El Paso and to the northwest into
New Mexico.

"The principal place of business is Dallas where
an agent is employed who is in charge of the Texas
and Oklahoma business. They also have an attorney
in Dallas upon whom service may be had. In addition
to this, they maintain service garages in Dallas and
El Paso for servicing and repairing their buses."

Hon. Julian Montgomery, page 2

In opinion No. 0-2050 this department discussed the question of in which county the motor vehicles of a foreign corporation should be registered and in answer thereto ruled as follows:

'Article 827b of the Penal Code, provides in part as follows:

' 'Sec. 2. A nonresident owner of a motor vehicle trailer or semi-trailer which has been duly registered for the current year in the State or county of which the owner is a resident and in accordance with the laws thereof, may, in lieu of registering such vehicle as otherwise required by law, apply to the State Highway Department through a county Tax Collector for the registration thereof as provided by law. . . .'

'Article 827b, Section 1, of the Penal Code, defines a 'non-resident' as follows:

' ' "Non-resident" means every resident of a state or county other than the State of Texas whose sojourn in this State, or whose occupation, or place of abode, or business in this State, if any, covers a total period of not more than one hundred and twenty days in the calendar year.'

"In your question you state that the non-resident regularly operates into or through Texas. Obviously, you are concerned with the county of registration of an individual or corporation that would not be a 'non-resident' as defined above.

"The effect of the legislative definition of 'non-resident' as quoted above is to make a person or corporation who is a legal resident of another state but operates in Texas formore than one hundred and twenty (120) days a year a 'resident' of Texas for registration purposes.

'It is the opinion of this department that a foreign corporation which has been made a 'resident' of Texas for registration purposes should be treated

as other resident or domestic corporations
for this purpose and that the county of resi-
dence of such a corporation is the county of
its principal place of business in this State
in line with our discussion in connection with
question 2 (b), supra.

"  . . .

"Of course the above would be qualified
by the rules heretofore mentioned regarding
the registration of the motor vehicles by per-
sons in legal control or in legal possession as
'owners' under Article 6675a-2, supra. In such
a case the motor vehicles could be registered
in the county of residence of either of the 'owners'
as defined in Article 6675a-1 (L). Also, if the
foreign corporation or non-resident individual
has no place of business that would give it a
county of residence in this State as discussed
herein but the motor vehicles are in legal pos-
session or legal control of an agent or individual
who has a county of residence in Texas than in
such case such motor vehicles would have to be
registered in the county of the legal possessor's
or legal controller's residence. It follows of
necessity also that if the foreign corporation
or non-resident individual has no 'county of
residence' in Texas as discussed above and also
has no agent or individual in Texas who is legal
possessor or controller of the motor vehicles,
then said individual or corporation may register
the motor vehicles in any county in Texas."

In your letter you state that the principal place of busi-
ness of the All American Bus Lines, Incorporated, in Texas is
in Dallas County. It is our opinion, therefore, that the buses
belonging to such corporation must be registered in said county.
The above rule would be qualified, however, if the motor buses
are under the possession or control of a person who has the
"legal right of control" or "legal right of possession" over said
vehicles. In such case they could also be registered in the county

of such legal possessor's or legal controller's residence.
This department defined the terms "legal right of possession"
and "legal right of control" in opinion No. 0-2105 as follows:

> "In looking to the purpose behind the legis-
> lative definition of the term 'owner' it is our
> opinion that the legislature intended to provide
> a method whereby motor vehicles which are
> stationed in a particular county for the greater
> portion of a registration year in the possession
> and control of an individual who is a resident
> of that county, who has all the rights in the
> motor vehicle that the owner would have with
> the exception of legal title could be registered
> in the county of such individual's residence.
> With this legislative purpose in mind it is our
> opinion that the terms 'legal right of possession'
> and 'legal right of control' mean something more
> than the actual physical possession by an agent
> or servant. We think that the terms imply such
> possession or control to be with a degree of per-
> manency throughout the registration year and not
> as a temporary matter. A person who can be
> classed as having either legal right of possession
> or legal right of control would be one who would see
> that the motor vehicle is kept in repair and is
> operated in good condition, and would be entrusted
> with its care. In other words, our opinion of said
> terms would preclude a person who has only the
> physical possession or physical control of a motor
> vehicle, but would include a person who has all
> rights in the motor vehicle as to its control and
> operation, use and management but who does not
> have legal title. Our definition is further qualified
> that such possession or control would have to be of
> a permanent nature or not one subject to being di-
> vested at any time by the legal titleholder within
> the reasonable expectation of the parties at the
> time of the registration of the motor vehicle . . . ."

In said opinion we also ruled as follows in connection
with the relationship of a local ticket agent of a bus company
to the motor vehicles of said company:

> "In answer to your second question it is our
> opinion that a local ticket agent of a bus company

> would not have a legal right of possession or
> legal right of control over the busses which
> regularly pass through his town. The exception
> to this would be a case whereby some instru-
> ment in the form of a lease or bailment, said
> ticket agent would be given such legal right of
> control or legal right of possession. In this con-
> nection, however, such an instrument drawn up
> for purposes of evasion of the motor vehicle
> registration law above quoted would not of itself
> suffice to make such person an 'owner' within
> the meaning of the registration statute. . . ."

You are therefore advised that the motor buses of
the All American Bus Lines, Incorporated, under the facts
stated in your letter should be registered in Dallas County
unless some of such buses are in the legal possession or legal
control, as defined above, of an individual who resides in
another county and in such case said buses could be registered
in such other county.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By s/ Billy Goldberg

Assistant

BG:LM:v
APPROVED MAR 26, 1940
s/ Gerald C. Mann
Attorney General of Texas

APPROVED
OPINION COMMITTEE
BY BWB, CHAIRMAN